# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAMELL DUNN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:12cv0766 |
| IAN WALLACE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ramell Dunn's Petition for Writ of Habeas Corpus, which Dunn filed on April 27, 2012 pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1). The Petition has been fully briefed and is ready for disposition.

## BACKGROUND

On February 15, 2008, Dunn was convicted by a St. Louis, Missouri jury on two counts: (I) murder in the first degree and (II) armed criminal action ("ACA"). For the first-degree murder count, Dunn received a sentence of life without parole. For the ACA count, he received a sentence of thirty years. The sentences run consecutively.

The State's position throughout Dunn's trial was that the murder for which Dunn was ultimately convicted occurred in St. Louis at 5:12 p.m. on May 15, 2005. (State PCR Order, Resp. Exh. C, App. A at 2; PCR Appellate Order, Resp. Exh. E, at 2). "It was established very early on in this case, that [Dunn] was going to rely upon the defense of alibi." (State PCR Order at 1). The alibi Dunn intended to rely on was that at the time of the murder he was at his grandmother's barbecue, which was several hundred yards from the scene, and therefore could not have been the perpetrator. *Id.* at 2; (PCR Appellate Order at 2). Dunn's attorney endorsed

1

several witnesses who were willing to testify to this. (State PCR Order at 1-2). At trial, the first witness Dunn's attorney called was Delisa Hinton, the mother of Dunn's child, who Dunn's attorney believed to be his best witness. (PCR Appellate Order at 2, 4). After perceiving inconsistencies in Hinton's testimony, Dunn's attorney decided not to call any further alibi witnesses. (State PCR Order at 2).

In the state post-conviction proceeding that Dunn filed pursuant to Missouri Supreme Court Rule 29.15, Dunn made several claims. One was a claim for ineffective assistance of counsel based on his trial counsel's failure to call the remaining alibi witnesses. *Id.* 3. The state post-conviction court found that Dunn had abandoned all claims other than his ineffective assistance claim by failing to argue them. *Id.* at 3-4. It then denied Dunn's ineffective assistance claim on the merits. *Id.* at 10-11.

Dunn appealed the state post-conviction court's order. In addition to challenging the post-conviction court's ruling on his ineffective assistance claim, Dunn argued for the first time on appeal that his post-conviction counsel erred by abandoning him. (PCR Appellate Order, Resp. Exh. E, at 3). The state post-conviction appeals court found both that Dunn had not followed the correct procedure in bringing his abandonment claim and that the state post-conviction court did not err in denying relief on his ineffective assistance claim. *Id.* at 4-5.

Dunn raises four claims in this Petition: (I) that he was denied due process when the state post-conviction court failed to find that Dunn's post-conviction counsel had abandoned him; (II) that he was denied due process when his "Post-Conviction Counsel failed to fulfill his obligations under Rule 29.15 (e)[;]" (III) that he was denied due process when the state post-conviction court "failed to grant relief on his claim that Trial Counsel was ineffective for failing to call more than ten Alibi Defense witness [*sic*] at his trial[;]" and (IV) that his trial counsel was

ineffective in failing to call the additional alibi witnesses. (Petition, ECF No. 1, at 16, 21, 22-23, 27).

## DISCUSSION

**I. Grounds I and II**

Dunn's first two proposed grounds for relief are essentially indistinguishable. In both, Dunn contends that his post-conviction counsel committed constitutional error by abandoning him during the state post-conviction proceedings. (Petition at 16, 21). As noted above, this claim was raised for the first time on Dunn's appeal of the state post-conviction court's ruling. The post-conviction appeals court found:

> The motion court retains jurisdiction over its final judgment on a Rule 29.15 motion for thirty days. Rule 75.01; *Edgington v. State*, 189 S.W.3d 703, 706 (Mo. App. W.D. 2006). The only exception to this limitation allows the court to reopen a post-conviction proceeding to address a claim of abandonment by post-conviction counsel. *Grays v. State*, 275 S.W.3d 392, 393 (Mo. App. E.D. 2009). Abandonment is limited to instances in which post-conviction counsel: (1) failed to file an amended petition on movant's behalf without explanation, (2) filed an untimely amended motion, or (3) filed a motion so patently defective that it amounted to a nullity. *Id.*
>
> The proper method for raising a claim of abandonment would have been to first bring a motion to reopen the PCR proceedings in the trial court. Dunn instead raises this issue for the first time on appeal. Claims which should have been presented to the motion court cannot be raised for the first time on appeal. *Stokes v. State*, 671 S.W.2d 822, 824 (Mo. App. E.D. 1984). As Dunn's first claim is procedurally barred, we decline to reach the merits.

(PCR Appellate Order at 4).

Based on principles of comity, federal courts reviewing habeas petitions based on state court convictions do not review claims "decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id.* Thus, if a habeas petitioner failed to obtain

3

relief in state court because he did not comply with a state procedural rule, that failure bars habeas review of his claim. The claimant can avoid this bar only if he demonstrates "cause and prejudice or a miscarriage of justice." *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013).

Dunn argued before the state post-conviction appeals court that he was entitled to relief because his motion counsel abandoned him. The court, as detailed above, found that Dunn failed to raise this claim in the proper manner and declined to review it specifically for that reason. Dunn has not attempted to demonstrate cause for failing to comply with state court procedures or that a miscarriage of justice will occur if the Court does not review his first two claims. These claims are therefore procedurally barred, and the Court will not review them on the merits.

**II. Grounds III and IV**

Like grounds I and II, Dunn's third and fourth grounds are indistinguishable for purposes of this Petition. Dunn's contention is that he should be granted habeas relief because his trial counsel was ineffective in failing to call a number of alibi witnesses who were available to testify. (Petition at 23, 27). This claim was properly presented in state court and will therefore be decided on the merits. In ruling on Dunn's ineffective assistance claim, the post-conviction appeals court found:

> In this second claim, Dunn essentially argues defense counsel was deficient by calling only one alibi witness, Delisa Hinton, when he had endorsed fourteen. Testimony given at the PCR evidentiary hearing revealed counsel's motivations. Defense counsel stated at the hearing that he made the decision to put Hinton on the stand first, even though other endorsed witnesses were present at the trial, because she sounded the most intelligent and presentable. However, when she took the stand, her testimony conflicted with that of the remaining witnesses, including Dunn's sisters, by removing them from the scene of the barbeque where they supposedly saw Dunn when the shooting occurred several hundred yards away. Therefore, in order not to further damage the case by introducing conflicting testimony, defense counsel made the strategic decision not to call the remaining witnesses. This is clearly the type of decision that falls within the range of reasonable trial strategy contemplated in *Strickland*, and

4

under the deferential standard, Dunn is unable to establish the deficient performance prong of the analysis. As such, there is no need address to address [*sic*] the prejudice prong. Accordingly, motion court did not err in denying Dunn's claim of ineffective assistance of counsel.

(PCR Appellate Order at 4-5).

Federal court review of habeas corpus petitions filed based on state court convictions is governed by 28 U.S.C. § 2254. Under that statute:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The two most common theories for habeas relief are established in subsection (d)(1). Under the "contrary to" theory, a district court must conclude "that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law." *Yang v. Roy*, 743 F.3d 622, 625-26 (8th Cir. 2014). Under the "unreasonable application" theory, a district court must conclude that although the state court has identified the correct legal principles, the state court's application of those principles is objectively unreasonable. *Id.*

To prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate counsel's deficiency, the claimant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To

demonstrate prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a § 2254 petition, the petitioner must show that the state court's determination was contrary to or based on an unreasonable of application of *Strickland*.

Dunn's attorney explained his decision not to call more than one alibi witness during the evidentiary hearing held in relation to Dunn's Rule 29.15 motion. He testified on direct examination as follows:

> Q. And without trying to go word for word, in your analysis as a trial attorney, what happened when [Delisa Hinton] testified?
> A. Well, we tried to establish the time of the alibi and the place in which the alibi would have been effective. She took essentially everybody who we had endorsed or the number of people I recall and removed them from the place where they should have been at the time they should have been and moved everyone down the street and had them all together at a different time.
> Q. And that created a problem for you?
> A. Yes. It pretty much negated the alibi defense with our very first, quote, best witness.
> Q. And did you make a decision at that time whether or not to call any of the other potential alibi witnesses?
> A. Yes. I decided not to, because the next person I would have called would have said, no, what that person just said wasn't true. Now I'm doing the prosecutor's job for them.

(PCR Hearing Transcript at 28-29).

On cross-examination, it was revealed that Dunn's attorney had mischaracterized Hinton's testimony in his direct examination. Hinton had actually testified that she walked away from the barbecue with some of her friends before the shooting. *Id.* at 34-35, 37-38. She did not testify that all of the endorsed alibi witnesses walked with her, as Dunn's attorney testified on direct examination. *Id.* at 38. Hinton did, however, include both of Dunn's sisters in the group of people with whom she went for a walk. *Id.* at 37. To Dunn's attorney, this meant Hinton had "taken the other two best witnesses . . . , which were [Dunn's] two sisters, and said that they also

6

were walking with her at a time when there was a shooting, and that [Dunn] could not have been with them, because they weren't where he was supposed to be." *Id.* at 37-38.

Regardless of the exact details of Hinton's testimony, Dunn's attorney believed he was facing a situation in which most of his alibi witnesses would have had to contradict the word of his first and best witness. He therefore made a strategic decision not to call any more alibi witnesses because he believed doing so would only harm Dunn's case. The state court determined that Dunn's attacks on that decision could not overcome the "'strong presumption that his counsel's actions constituted reasonable trial strategy.'" *Fretwell v. Norris*, 133 F.3d 621, 627 (8th Cir. 1998) (quoting *Snell v. Lockhart*, 14 F.3d 1289, 1301 (8th Cir. 1994)); (*see* PCR Appellate Order at 4-5). That determination was not contrary to or an unreasonable application of *Strickland* and its progeny. Dunn's third and fourth claims therefore provide no basis for relief under § 2254.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Ramell Dunn's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[1] Dunn also suggests that his trial attorney conducted an unreasonably limited investigation. Specifically, he claims that three additional alibi witnesses were available and that his trial attorney did not interview or contact any of them. (Petition at 29-31). This argument does not appear squarely to have been raised in state court. But even if it is properly before the Court, the argument has no merit. Witness investigations need not be unlimited. *Strickland*, 466 U.S. at 690-91 ("strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation"). Dunn's trial attorney had already endorsed numerous alibi witnesses. Adding three more to that list would have been cumulative. Moreover, the decision not to call more witnesses was based on events at trial and likely would not have been different even had the three additional witnesses been available to testify.

7

**IT IS FURTHER ORDERED** that because Dunn cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).


Dated this 26th Day of January, 2015

                                                  /s/ Jean C. Hamilton
                                                  UNITED STATES DISTRICT JUDGE